IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

XMOBILEUSA.COM, X 2 SERIES PHONE
COMPANY (INC.), STATE, CITY HALL BUDGET
APPROVAL EMPLOYEES, AND AUDITORS,          OPINION and ORDER
STATE, CITY, PARKS INSPECTOR AND
EMPLOYEES WHO WORKED ON NEW POLICE         23-cv-464-jdp
PARK INSPECTIONS, ALL INSTITUTION / ALL
CITY OF JANESVILLE EMPLOYEES, ALL SHIFT(S),
and ALL INSTITUTION / ALL CITY OF JANESVILLE
EMPLOYEES, ALL SHIFT(S) FOR FAILURE TO NEW
PARK ADDRESS,

                Defendants.

---

Plaintiff Timothy Lee Stewart, Sr., appearing pro se, alleges that his mobile phone provider and City of Janesville officials conspired to block him from uploading video footage that he recorded criticizing a new park being built by the city. The court has allowed Stewart to proceed with this case without paying any portion of the filing fee. Dkt. 3.

The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case for Stewart's failure to state a claim that can be heard in this court.

Stewart believes that the city has violated public-safety regulations by failing to display "public safety illustrations." Dkt. 1, at 11. He attempted to record a video about the problem and place it on YouTube. But he says that the camera on his phone, manufactured by defendant xmobileusa.com, initially wouldn't record footage, and then later he was unable to upload the footage to YouTube because it was called "unsupported media." He believes that the city contacted xmobileusa to have his video blocked.

Stewart sues defendants both over the park's safety problems and the blocking of his video. But I have already barred Stewart from filing lawsuits alleging additional "baseless attempts at undoing governmental legislative or regulatory actions that he believes have adversely affected him." *Stewart v. Evers*, No. 23-cv-52-jdp, 2023 WL 1401817, at *2 (W.D. Wis. Jan. 31, 2023). Stewart doesn't state a plausible claim for relief against the city for the alleged lack of "public safety illustrations" at the park.

He also does not state a claim for relief about the blocking of his video. His pure speculation that the city was involved in blocking the video is not enough to support a claim. His allegations suggest nothing more than that he perhaps suffered technical problems with his phone; he doesn't plausibly allege that xmobileusa blocked the upload based on the content of that footage.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of Stewart's claims is appropriate because I see no allegations suggesting that he could amend his complaint to state a claim for relief in federal court. Therefore, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered July 27, 2023.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge